**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**ESTHER SALAS**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING<br>COURTHOUSE<br>50 WALNUT ST.<br>ROOM 5076<br>NEWARK, NJ 07101<br>973-297-4887 |

October 21, 2024

**LETTER MEMORANDUM**

Re:   *Bird Buys Houses LLC v. Jasmin Bryant Rogers, et. al.*,
         Civil Action No. 24-4099 (ES) (JRA)

Dear Parties:

Before the Court is *pro se* defendant Jasmin Bryant Rogers's ("Defendant Rogers") application to proceed *in forma pauperis* ("IFP"). (D.E. No. 1-4).

Plaintiff Bird Buys Houses LLC appears to have initiated this "residential non-payment complaint" or tenancy matter in the Superior Court of New Jersey, Law Division, Essex County against Defendant Rogers and Floretha Bryant ("Defendant Bryant") (together with Defendant Rogers, "Defendants") on October 9, 2020. (D.E. No. 1-2, Ex. to D.E. No. 1 ("Notice of Removal"), at 58; *see also id.* at 51 (Feb. 14, 2022 Judgment for Possession After Trial)).[1] Defendants removed the underlying state court action to this Court on March 22, 2024. (D.E. No. 1). The IFP application before the Court is from Defendant Rogers only. (D.E. No. 1-4). Defendant Bryant has not submitted an IFP application.

Pursuant to 28 U.S.C. § 1915, "no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, 'in any court of the United States' solely because his poverty makes it impossible for him to pay or secure the costs." *Adkins v. Dupont de Nemours & Co.*, 335 U.S. 331, 342 (1948). In order to proceed IFP, a litigant must show that he "cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339 (cleaned up).

Based on Defendant Rogers's IFP application, made under penalty of perjury, the Court finds she cannot both pay the filing fee and still be able to provide herself with the necessities of life. Accordingly, the Court **GRANTS** Defendant Rogers's IFP application.

"[W]hen a person proceeds in forma pauperis, the statute instructs the District Court to 'dismiss the case *at any time* if the court determines that . . . [the complaint] fails to state a claim on which relief may be granted.'" *Harris v. Bennett*, 746 F. App'x 91, 93 (3d Cir. 2018) (quoting 28 U.S.C. § 1915(e)(2)(B)(ii)). Courts have "the discretion to consider the merits of a case and

---

[1] All pin citations refer to the pagination automatically generated by the Court's CM/ECF Case Management System.

evaluate an IFP application in either order or even simultaneously." *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019).

Next, the Court reviews the Complaint *sua sponte* for sufficiency pursuant to 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 8(a). A district court shall dismiss a case that is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). The legal standard for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B) is the same as that applied under Federal Rule of Civil Procedure 12(b)(6). *See Shorter*, 12 F.4th at 371. In addition, the Court recognizes that it also has an independent obligation to address issues of subject matter jurisdiction *sua sponte* and may do so at any stage of the litigation. *See Adamczewski v. Emerson Elec. Co.*, No. 10-4862, 2011 WL 1045162, at *1 (D.N.J. Mar. 22, 2011); *see also Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010) ("Federal courts are courts of limited jurisdiction, and when there is a question as to our authority to hear a dispute, 'it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition on the merits.'" (quoting *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977))).

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." If, however, "at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.* § 1447(c). "The removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Boyer v. Snap-On Tolls Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (internal quotations omitted). The party seeking to remove an action has the burden of proving that removal was proper. *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004).

Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "For federal jurisdiction to attach to state law claims, a substantial, disputed question of federal law must be a necessary element of a well-pleaded state claim." *Kalick v. United States*, 35 F. Supp. 3d 639, 645 (D.N.J. 2014) (first citing *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005); and then citing *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27–28 (1983)), *aff'd*, 604 F. App'x 108 (3d Cir. 2015). "A conclusory allegation of federal question jurisdiction, untethered to some plausible federal statutory or constitutional basis, does not suffice to confer subject matter jurisdiction." *Id.* at 646. Indeed, "[t]he Supreme Court has explained that a court determines if there is federal question jurisdiction in removal cases by use of the well-pleaded complaint rule, which provides that there is federal question jurisdiction only when the face of a properly pleaded complaint asserts a federal question." *Deutsche Bank Nat'l Tr. Co. v. Harding*, 655 F. App'x 113, 114 (3d Cir. 2016) (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). Moreover, it "is well established [that] a federal question cannot be predicated on a defense or a counterclaim." *Id.* (citing *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009)).

Relevant here, Defendants' Notice of Removal states that this Court "has federal question jurisdiction under 28 U.S.C. § 1331" because plaintiff's "attempt to evict [Defendant Rogers] violated [her] rights under the CARES ACT, [and] the New Jersey COVID-19 eviction moratorium." (D.E. No. 1 at 1 & 2 (citing "the Fair Housing Act 42 U.S.C. § 3601, et seq.")). In

addition, following a Text Order from the Honorable Jose R. Almonte, U.S.M.J., raising the issue of federal question jurisdiction (D.E. No. 5),[2] Defendant Rogers submitted a letter stating, among other things, that federal question jurisdiction arose under (i) the Fair Housing Act, (ii) the Americans with Disabilities Act, and (iii) the "COVID-19 Eviction Moratorium." (D.E. No. 6 at 1–2). Notably, however, neither the Notice of Removal nor the exhibit[3] attached thereto include a copy of the complaint from the underlying state court action. (*See* D.E. Nos. 1 & 1-2). Accordingly, without the underlying state court complaint, this Court cannot properly assess whether original jurisdiction exists under the well-pleaded complaint rule. Nor can this Court discern any basis to exercise diversity jurisdiction pursuant to 28 U.S.C. § 1332.

In any event, as set forth below, it appears that removal to this Court is nonetheless untimely. Relevant here, pursuant to 28 U.S.C. § 1446, "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after receipt by the defendant, . . . or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." Indeed, based on two letters included in Defendants' exhibit to their Notice of Removal, the underlying state court action was filed on or about October 9, 2020. (D.E. No. 1-2 at 6 & 58). And while Defendants did not provide this Court with the full underlying state court docket, it can discern that the matter was fully litigated based on Defendants' inclusion of the state court's "Judgment for Possession After Trial." (*Id.* at 51–52). This document confirms that a trial "on the issues raised in the complaint" occurred on or before February 14, 2022, when the Honorable Robert H. Gardner, J.S.C., ordered Judgment for Possession in favor of plaintiff in the amount of $16,000. (*Id.*). Thus, it appears that Defendants' filing of the instant Notice of Removal on March 22, 2024—over two years after the Judgment for Possession was ordered—occurred well after the thirty-day removal period afforded under 28 U.S.C. § 1446.

Moreover, "the *Rooker-Feldman* Doctrine provides that district courts do not have jurisdiction over 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *VU Urb. Renewal A, LLC v. Lewis*, No. 22-6773, 2022 WL 17722881, at *1 (D.N.J. Dec. 15, 2022) (quoting *Vuyanich v. Smithton Borough*, 5 F.4th 379, 384 (3d Cir. 2021)); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Here, Defendants' "matter was already adjudicated in the New Jersey State Court, and a Judgment for Possession was entered after a trial on the merits occurred on [or before February 14, 2022]." *VU Urb. Renewal A, LLC*, 2022 WL 17722881, at *1; (*see also* D.E. No. 1-2 at 51–52). Accordingly, removal is barred by the *Rooker-Feldman* Doctrine and this Court cannot exercise jurisdiction to review the state court's judgment.

For the reasons set forth above, this action, as removed by Defendants (D.E. No. 1), is *sua sponte* **DISMISSED** *with prejudice* for (i) their failure to establish jurisdiction under either 28 U.S.C. § 1331 or 28 U.S.C. § 1332, particularly after Judge Almonte's June 7, 2024 Text Order requiring Defendants to do so, (ii) their untimely removal pursuant to 28 U.S.C. § 1446, and (iii) their inability to establish jurisdiction in light of the *Rooker-Feldman* Doctrine.

---

[2] Specifically, Judge Almonte ordered Defendants to "file a letter by no later than June 27, 2024, articulating the basis for federal question jurisdiction." (D.E. No. 5).

[3] The exhibit attached to the Notice of Removal is an eighty-eight-page compilation of various documents from the underlying state court action. (*See* D.E. No. 1-2).

An appropriate Order accompanies this Letter Memorandum.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**

4